IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
THOMAS B. REINHART, JR.,       )
                               )
     Plaintiff,                )
                               )
     v.                        )    CIVIL ACTION NO.
                               )    2:02cv1315-MHT
CHARLES E. SHANER and          )        (WO)
CITY OF MONTGOMERY,            )
                               )
     Defendants.               )
```

ORDER

In this lawsuit, plaintiff Thomas B. Reinhart, Jr., charged defendants City of Montgomery and Charles E. Shaner with discrimination and retaliation in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12112-12117, 12203, and with asserted state-law claims of negligence, assault, and malicious interference with a contractual relationship.

This cause is now before the court on Shaner's bill of costs in the amount of $ 919.88 and on Reinhart's motions to strike the costs bill.

I. BACKGROUND

February 9, 2004:  This court entered an order granting summary judgment in favor of the defendants except for Reinhart's retaliation claim against the city under the ADA, with the result that judgment was entered in favor of Shaner and against Reinhart on all claims, Reinhart v. Shaner, 2004 WL 419911 (M.D. Ala. 2004) (Thompson, J.).

February 20:  A jury found in favor of the city on the remaining ADA retaliation claim.

February 24:  Judgment was entered in favor of the city and against Reinhart

February 25:  Shaner filed a bill of costs in the amount of $ 919.88.[1]

---

1. In his bill of costs, Shaner seeks to recover a total of $ 919.88 for the following costs: (1) $ 267.90 in fees of the court reporter for depositions and transcripts: and (2) $ 651.98 in fees for exemplification and copies of paper.

2

February 26: The clerk of the court taxed costs in favor of Shaner and against Reinhart in the amount of $ 919.88.

March 6 and 22: Reinhart served and filed motions to strike Shaner's costs bill.[2]

## II. DISCUSSION

Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."

Reinhart moves to strike Shaner's costs bill, and Shaner responds that Reinhart's motions to strike are untimely. Therefore, as a threshold matter, the court must determine whether Reinhart's motions to strike are properly before this court. Rule 54(d)(1) provides that, "On motion served within 5 days [after costs are taxed by

---

   2. Because, according to the City of Montgomery, any costs it sought to recover would be redundant of those sought by Shaner, it has not filed a costs bill. <u>See</u> Doc. No. 82.

3

the clerk], the action of the clerk may be reviewed by the court."  Federal Rule of Civil Procedure 6(a) covers the computation of this five-day window.  Applying Rule 6(a)'s exclusion of the day the clerk taxed the costs (February 26, 2004) and weekends, Reinhart's motion was due on the last day of the five-day period, March 4.  However, Reinhart did not serve his motion until March 6; he then served a renewed motion on March 22.[3]  Reinhart offers no explanation for his failure to meet the March 4 deadline.

The court, therefore, agrees that Reinhart's motions are untimely.  Nevertheless, the court can independently conceive of two grounds for extending the five-day period, but finds that they are not applicable here.

---

3. As stated, Rule 54(d)(1) provides that, "On motion <u>served</u> within 5 days [after costs are taxed by the clerk], the action of the clerk may be reviewed by the court."  The triggering term is "served," not "filed."  In finding that Reinhart "served" his motions on strike on March 6 and 22, the court has relied on the service dates he gives in the 'certificates of service' attached to the motions.

4

First, some courts have granted parties serving motions to strike costs three additional days beyond the five days provided in Rule 54(d)(1) based on Federal Rule of Civil Procedure 6(e).  See, e.g., Marino v. Kirkland, 146 F.R.D. 49, 50-51 (N.D. N.Y. 1993) (finding that a motion objecting to costs was timely because three days had to be added for mailing pursuant to Rule 6(e)).  When Reinhart served his motions, Rule 6(e) provided that, "Whenever a party has the right or is required to do some act or to take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party under Rule 5(b)(2)(B), (C), or (D), 3 days shall be added to the prescribed period."

Other courts, however, have rebuffed this approach and held that the five-day clock begins to run from the day the clerk taxes the costs, such that Rule 6(e)'s service or notice of that order is irrelevant for calculating the response time.  See e.g., Lorenz v.

5

Valley Forge Ins. Co., 23 F.3d 1259, 1261 (7th Cir. 1994) (because five-day period begins with entry of order taxing costs, rather than with service of order, Rule 6(e) inapplicable); Mattson v. Brown University, 925 F.2d 529, 532 (1st Cir. 1991) (Rule 6(e) is inapplicable because the time to object runs from the entry of clerk's judgment, not from service); see also 54-10 Moore's Federal Practice and Procedure: Civil § 54.100 ("Because the time for filing the motion is measured from the date of the clerk's action [of taxing costs], rather than from service of the notice of the action, Rule 6(e) does not apply, and three days are not added to the time limitation even if notice of the clerk's action is received by mail.").

Because this court agrees with the majority view that Rule 6(e) is inapplicable to motions to strike costs and because Reinhart has failed to offer any argument for distinguishing the apparent majority rule in his particular case, the court holds that Rule 6(e) did not

extend that five-day period for Reinhart to serve his motions.

Second, the five-day period has been extended under Federal Rule of Civil Procedure 6(b) for excusable neglect. See e.g., Baum v. United States, 432 F.2d 85, 86 (5th Cir. 1970); United States v. Kolesar, 313 F.2d 835, 837 n. 1 (5th Cir. 1963)); Breitenback v. Neiman Marcus Group, 181 F.R.D. 544 (N.D. Ga. 1998) aff'd 176 F.3d 495 (11th Cir. 1999) (table); American Key Corp. v. Cumberland Associates, 102 F.R.D. 496 (N.D. Ga. 1984).[4] Rule 6(b) provides that:

> "When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous

---

   4.    In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

>order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."

This provision does not assist Reinhart, however, because he did not make a request or motion for enlargement. More importantly, the court's discretion to extend the period to serve an objection to, or a motion to strike, costs must be based on good-cause shown (including excusable neglect when the extension motion is made after the expiration of the specified period), but Reinhart has not shown any cause, much less good cause for his delay. Rule 6(b) is consequently not applicable in this situation.

It is therefore ORDERED that:

(1) Plaintiff Thomas B. Reinhart, Jr.'s motions to strike the bill of costs (Doc. Nos. 79 & 83) are denied as untimely.

(2) Defendant Charles E. Shaner's bill of costs, (Doc. No. 78) is granted.

(3) Costs in the amount of $ 919.88 are taxed against plaintiff Reinhart, for which execution may issue.

DONE, this the 23rd day of March, 2006.

                           <u>/s/ Myron H. Thompson</u>
                           UNITED STATES DISTRICT JUDGE